ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN 2 5 2012

JAMES N. HATTEN, Clerk
By: _____
              Deputy Clerk

UNITED STATES OF AMERICA

      v.

DEBORAH FAMBRO-ECHOLS
WENDY B. FRASIER
DARALYN M. WEAVER
JABRIL O. McKEE
OHMAR D. BRADEN

:
:
:
:
:
:
:
:

CRIMINAL INDICTMENT

NO.   1   12-CR-031

THE GRAND JURY CHARGES THAT:

### COUNT ONE
#### (Conspiracy)

1.   Beginning on a date unknown, but from at least in or about June 2010, and continuing through in or about April 2011, in the Northern District of Georgia and elsewhere, the Defendants, DEBORAH FAMBRO-ECHOLS, WENDY B. FRASIER, DARALYN M. WEAVER, JABRIL O. McKEE, and OHMAR D. BRADEN, did combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit certain offenses, namely:

        a.   To knowingly receive, deliver, retain, and conceal Treasury checks, having a value of more than $1,000, with the knowledge that such Treasury checks were stolen and bore a falsely made and forged endorsement and signature, in violation of Title 18, United States Code, Section 510(b);

   b.   To steal, purloin, and knowingly convert to their
        own use and the use of another money belonging to
        the United States and an agency thereof, having a
        value of more than $1,000, in violation of Title
        18, United States Code, Section 641; and

   c.   To knowingly and willfully execute and attempt to
        execute a scheme and artifice to defraud BestBank,
        the deposits of which were then insured by the
        Federal Deposit Insurance Corporation (FDIC), and
        to obtain, by means of materially false and
        fraudulent pretenses, representations, and promises
        moneys, funds, credits, assets, securities, and
        other property owned by and under the custody and
        control    of    the    aforementioned    financial
        institution, in violation of Title 18, United
        States Code, Section 1344.

MANNER AND MEANS

     At all times relevant to this Indictment:

     2.   Defendant FAMBRO-ECHOLS was employed as a mail handler by
the United States Postal Service. She was assigned to the Atlanta
Processing and Distribution Center, located at 3900 Crown Road, in
Atlanta, Georgia. As a mail handler, defendant FAMBRO-ECHOLS had
access to and sorted large quantities of mail for distribution to
the various zip codes that were served by the Atlanta Processing

2

and Distribution Center.

3.    As part of the conspiracy, defendant FAMBRO-ECHOLS stole U.S. Treasury checks from the U.S. mail while working at the Atlanta Processing and Distribution Center, including hundreds of federal tax refund checks, Social Security checks, and Veterans checks that had been issued by the United States to intended recipients living in the Northern District of Georgia.

4.    After stealing the checks from the Atlanta Processing and Distribution Center, defendant FAMBRO-ECHOLS provided them to a network of brokers and check cashers who would negotiate the stolen checks at banks, including BestBank, and other business establishments.    These individuals forged endorsements and signatures, and often used fake and fraudulent identification documents, including the names and addresses of the intended recipients of the Treasury checks, to pose as the intended recipients and cash the checks.

5.    The brokers and check cashers were paid a portion of the proceeds from the stolen Treasury checks they helped negotiate. Defendant FAMBRO-ECHOLS also received a portion of the fraud proceeds in exchange for her stealing the checks from the mail.

6.    As part of the conspiracy, defendant FRASIER received stolen Treasury checks from defendant FAMBRO-ECHOLS.    Defendant FRASIER recruited other individuals, including defendants WEAVER, McKEE, and BRADEN, to cash stolen Treasury checks using fake and

fraudulent identification documents. These defendants would share the proceeds from the stolen checks with defendant FAMBRO-ECHOLS.

7. During the course of the conspiracy, defendant FAMBRO-ECHOLS stole hundreds of Treasury checks worth hundreds of thousands of dollars.

OVERT ACTS

8. In furtherance of the conspiracy, and to effect the objects and purposes thereof, the defendants committed the following overt acts, among others, within the Northern District of Georgia:

(a) In or about February 2011, defendant FAMBRO-ECHOLS stole and possessed a Treasury check (no. ending 1495) in the amount of $61,546, made payable to G.A., from the Atlanta Processing and Distribution Center.

(b) In or about March 2011, defendant FRASIER contacted defendant WEAVER to recruit check cashers to negotiate stolen Treasury checks that defendant FAMBRO-ECHOLS took from the mail stream at the Atlanta Processing and Distribution Center.

(c) In or about March 2011, defendant FAMBRO-ECHOLS and defendant FRASIER met with defendant WEAVER and drove her to defendant FAMBRO-ECHOLS' residence, located at 3302 Dogwood Drive, in Hapeville, Georgia, where defendant FAMBRO-ECHOLS retrieved stolen Treasury checks, including the stolen Treasury check (no. ending 1495) in the amount of $61,546, made payable to G.A. They

4

then met with defendant McKEE and delivered the check to him to get it cashed.

(d) On or about March 9, 2011, defendant McKEE, posing as G.A., accompanied defendant BRADEN inside a BestBank branch located in Decatur, Georgia. There, defendant BRADEN deposited the stolen Treasury check (no. ending 1495) made payable to G.A. into his BestBank business account. BestBank placed a hold on the check because G.A. was not a signatory on the account.

(e) On or about March 10, 2011, defendant McKEE, posing as G.A., signed a statement for BestBank claiming that G.A. signed over the Treasury check (no. ending 1495) made payable to G.A. to defendant BRADEN's business and gave him permission to cash the check. Defendant McKEE forged G.A's signature on the statement.

(f) On or about April 1, 2011, defendant BRADEN signed a statement for BestBank declaring that he had deposited the Treasury check (no. ending 1495) made payable to G.A. into his BestBank business account and falsely stating that G.A. was present with him during the deposit. Defendant BRADEN falsely claimed that G.A. had given him permission to negotiate the check as payment for an automobile.

(g) On or about April 21, 2011, defendant FAMBRO-ECHOLS drove from her residence to a Wendy's restaurant, located in Atlanta, Georgia, with five stolen Treasury checks valued at more than $44,000.

5

(h)   On or about April 22, 2011, defendant FAMBRO-ECHOLS drove from her residence to a Wendy's restaurant, located in Atlanta, Georgia, with seven stolen Treasury checks valued at more than $75,000.

(i)   On or about April 22, 2011, defendant FAMBRO-ECHOLS possessed 654 stolen Treasury checks, totaling over $514,000, in her residence, along with nine stolen corporate checks, totaling over $37,000.  She also had over $24,000 in cash proceeds from the scheme in her car.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Theft of Government Money)

9.    The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 8 of this Indictment as if fully set forth herein.

10.   From on or about April 8, 2011, through on or about April 22, 2011, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia, the defendant, DEBORAH FAMBRO-ECHOLS, did steal, purloin, and knowingly convert to her use and the use of another money and a thing of value of the United States having a value of more than $1,000, that is, 639 U.S. Treasury checks, totaling over $580,000, in violation of Title 18, United States Code, Sections 641 and 2.

6

## COUNT THREE
(Possession of Stolen Treasury Checks)

11.   The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 8 of this Indictment as if fully set forth herein.

12.   On or about April 22, 2011, in the Northern District of Georgia, the defendant, DEBORAH FAMBRO-ECHOLS, did knowingly receive, deliver, retain, and conceal Treasury checks, having a value of more than $1,000, that is, 661 Treasury checks totaling over $590,000, with the knowledge that such Treasury checks were stolen, in violation of Title 18, United States Code, Sections 510(b) and 2.

## COUNT FOUR
(Bank Fraud)

13.   The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 8 of this Indictment as if fully set forth herein.

14.   In or about March and April 2011, in the Northern District of Georgia, the defendants, DEBORAH FAMBRO-ECHOLS, WENDY B. FRASIER, DARALYN M. WEAVER, JABRIL O. McKEE, and OHMAR D. BRADEN, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud BestBank, the deposits of which were then insured by FDIC, and to obtain, by means of materially false and fraudulent pretenses,

7

representations, and promises moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of the aforementioned financial institution.

15. On or about March 9, 2011, in the Northern District of Georgia, the defendants, aided and abetted by each other and others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly present stolen Treasury check (no. ending 1495) in the amount of $61,546, made payable to G.A., to BestBank, fraudulently using G.A.'s identity to negotiate the check.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FIVE
(Theft of Government Money)

16. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 8 of this Indictment as if fully set forth herein.

17. From on or about February 10, 2011, through on or about April 1, 2011, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia, the defendants, DEBORAH FAMBRO-ECHOLS, WENDY B. FRASIER, DARALYN M. WEAVER, JABRIL O. McKEE, and OHMAR D. BRADEN, aided and abetted by each other and others known and unknown to the Grand Jury, did steal, purloin, and

8

knowingly convert to their use and the use of another money and a thing of value of the United States having a value of more than $1,000, that is, U.S. Treasury check (no. ending 1495) in the amount of $61,546, made payable to G.A., in violation of Title 18, United States Code, Sections 641 and 2.

## COUNT SIX
(Possession of Stolen Treasury Checks)

18.    The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 8 of this Indictment as if fully set forth herein.

19.    From on or about February 10, 2011, through on or about April 1, 2011, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia, the defendants, DEBORAH FAMBRO-ECHOLS, WENDY B. FRASIER, DARALYN M. WEAVER, JABRIL O. McKEE, and OHMAR D. BRADEN, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly receive, deliver, retain, and conceal a U.S. Treasury check, having a value of more than $1,000, that is, Treasury check (no. ending 1495) in the amount of $61,546, made payable to G.A., with the knowledge that such Treasury check was stolen, in violation of Title 18, United States Code, Sections 510(b) and 2.

## COUNT SEVEN
(Aggravated Identity Theft)

20.    The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 8 of this Indictment as if fully set forth

herein.

21.   In or about March and April 2011, in the Northern District of Georgia, the defendants, DEBORAH FAMBRO-ECHOLS, WENDY B. FRASIER, DARALYN M. WEAVER, JABRIL O. McKEE, and OHMAR D. BRADEN, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being G.A., during and in relation to committing the felony violations of bank fraud and theft of government money, as alleged in this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE PROVISION

22.   Upon conviction of one or more of the offenses charged in Counts One through Six of this Indictment, the defendants, DEBORAH FAMBRO-ECHOLS, WENDY B. FRASIER, DARALYN M. WEAVER, JABRIL O. McKEE, and OHMAR D. BRADEN, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of said offenses, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A) and (B), and Title 28, United States Code, Section 2461(c).

23.   If, as a result of any act or omission of the defendants, any property subject to forfeiture:

      a.   cannot be located upon the exercise of due diligence;

10

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

All pursuant to Title 18, United States Code, Sections 510(b),

11

641, 1344, 981(a)(1)(C), 982(a)(1)(A) and (b), and Title 21, United

States Code, Section 2461(c).

A _____ TRUE _____ BILL

_____

FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

STEPHEN H. McCLAIN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6288
Georgia Bar No. 143186

LORANZO M. FLEMING
SPECIAL ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6272
Georgia Bar No. 203010